UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

─────────────────────────────

JOSEPH C. ST. MARTIN,

                Plaintiff,

         -v-

MONROE COUNTY, NY SHERIFF'S
DEPARTMENT, EDWARD CERONE,
MARK NEVELEZER, BRIAN UNTERBORN,
MONROE COUNTY, NY DA OFFICE and
LETICIA ASTACIO,

                Defendants.

─────────────────────────────

                                    DECISION and ORDER
                                    10-CV-6433CJS(P)

      Plaintiff, who is proceeding *pro se* and has paid the filing fee has requested appointment of counsel (Docket # 2).  The Court has not found him to be indigent.

      A party has no constitutionally guaranteed right to the assistance of counsel in a civil case.  See, e.g., *United States v. Coven*, 662 F.2d 162, 176 (2d Cir.1981), cert. denied, 456 U.S. 916 (1982).  The authority for appointing pro bono counsel for litigants in civil rights actions is found in 28 U.S.C. § 1915, the statute governing proceedings in forma pauperis. Appointment of counsel under 28 U.S.C. § 1915 is allowed only where a litigant is found by a court to be indigent.  See 28 U.S.C. § 1915(e)(1); *Sears, Roebuck and Co. v. Charles W. Sears Real Estate, Inc.*, 865 F.2d 22, 23 (2d Cir.1988) (affirming decision not to appoint counsel where civil litigant not indigent for purposes of proceeding *in forma pauperis* ); *Arch Associates, Inc. v. HuAmerica International*, 1993 WL 452599 *2 (S.D.N.Y. Nov. 1, 1993) (28 U.S.C. § 1915 allows appointment of counsel only where a litigant is indigent).

In this case, although plaintiff asserts that he cannot afford an attorney, plaintiff has not filed a completed application to proceed *in forma pauperis* which provides the Court with actual information regarding his financial status. The Court cannot appoint counsel to plaintiff, and his request is, therefore, denied.

SO ORDERED.

DATED: Rochester, New York
September 15, 2010

*s/Marian W. Payson*

MARIAN W. PAYSON

United States Magistrate Judge